IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-26-SLR |
| WYMAN GUY | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS STATEMENTS
AND SUPPORTING AUTHORITIES**

The defendant through undersigned counsel hereby moves this Honorable Court to enter an order suppressing statements, pursuant to the Fourth and Fifth Amendment of the United States Constitution and Federal Rule of Criminal Procedure 12 (b)(3), Local Rule 5(b).

The defense submits the following in support of this motion:

1. Mr. Wyman Guy is charged with selling counterfeit bills in violation of 18 U. S. 473.

2. Upon information, Mr. Guy was arrest about 3:00 a.m. on April 21, 2006 and interrogated in relationship to allegations that he sold counterfeit bills to an undercover agent. The interrogation occurred the next morning by secret service agents. Mr. Guy made an inculpatory statement in relationship to the charged offense. The government intends to introduce statements made by him in this case.

3. The defendant objects to introduction of these statements. According to <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964): "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession

are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

4.   It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

5.   The test to determine whether there has been a valid waiver is a two step process. First the government must show that the defendant understood his rights, i.e., the waiver was knowing and intelligent, and second, that the defendant voluntarily waived his rights. See North Carolina v. Butler, 441 U.S. 369 (1979). See also Blackburn v. Alabama, 361 U.S. 199, 208 (1960) (for a suspect's statement to be voluntary it must be the product of rational intellect and free will).

6.   Therefore, the government must first establish that the waiver was knowing and intelligent. To establish a knowing and an intelligent waiver the government must prove that the defendant was read his rights, that the defendant understood those rights, and that the defendant affirmatively responded that he understood those rights. See Miranda, 384 U.S. 436. Thus, Miranda requires knowledge of the rights being given up and specific evidence establishing a waiver of those rights.

7.   The government must also prove that the suspect made an effective waiver of his constitutional rights. To determine whether there has been an effective waiver "depends in each case 'upon the particular facts and circumstances surrounding that case." Edwards v. Arizona, 451 U.S. 477, 482 (1981) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

8. The government's burden encompasses a requirement of establishing that the waiver was voluntary. The prosecution must demonstrate, by a preponderance of the evidence, that the statements were voluntarily made. Lego v. Twomey, 404 U.S. 477, 489 (1972). "[T]o establish such a 'waiver' the ... [government] must demonstrate 'and intentional relinquishment or abandonment of a known right or privilege.'" Schneckloth v. Bustamonte, 412 U.S. 218, 235 (1973) (citation omitted).

9. "To determine the voluntariness of a confession the Court must consider the effect that the totality of the circumstances had upon the will of the defendant." Miller v. Fenton, 796 F.2d 598, 604 (3rd Cir.) (1986). "[T]he question in each case is whether the defendant's will was overborne at the time he confessed." Lynum v. Illinois, 372 U.S. 528, 534 (1963). "In short, the true test of admissibility is that the confession is made freely, voluntarily and without compulsion or inducement of any sort." Wilson v. States, 162 U.S. 613, 623 (1886). The factors to consider include the defendant's age, size, physical condition, education, intelligence, past history, experience with law enforcement, length of confinement, and any other surrounding circumstance. Bustamonte, 412 U.S. at 266. A statement is not voluntary if it is "extracted by any sort of threats or violence, ... [or] by the exertion of any improper influence." Bram v. United States, 168 U.S. 532, 542-43 (1897). See also Fenton, 796 F.2d at 608.

10. The government has the burden of proving that Mr. Guy waived his rights knowingly, intelligently, and voluntarily. Mr. Guy was questioned after not having a night of sleep and after several hours of being in police custody. He was not initially advised of his rights. The later advisement was ineffectual given the length of custody and his mental condition at the time. Accordingly, Mr. Guy respectfully requests that an evidentiary hearing be held to determine the

admissibility of any statements made by him to government agents.

**WHEREFORE,** for these reasons and any other such reasons as shall appear at the hearing of this matter, Defendant respectfully request that the Court enter an Order in the form attached hereto suppressing the evidence obtained on or about April 21-22, 2006 and thereafter.

Respectfully submitted,

_____
Penny Marshall, Esquire
Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Defendant Wyman Guy

Dated: July 7, 2006

**CERTIFICATE OF SERVICE**

The undersigned attorney for defendant Wyman Guy, hereby certifies that a copy of Defendant's Motion to Suppress is available for public viewing and downloading and was electronically delivered on July 7, 2006, to:

>Beth Moskow-Schnoll, Esquire
>Assistant United States Attorney
>1007 Orange Street, Suite 700
>Wilmington, DE  19801

>  /s/ Penny Marshall
>Penny Marshall, Esquire
>Federal Public Defender
>First Federal Plaza, Suite 110
>704 King Street
>Wilmington, DE  19801
>(302) 573-6010

DATED:  July 7, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-26-SLR |
| | : | |
| WYMAN GUY | : | |
| | : | |
| Defendant | | |

.

## **ORDER**

The Court having considered Wyman Guy's Motion to Suppress and good cause having been shown therefore;

IT IS HEREBY ORDERED this ___ day of _____, 2006, that any evidence obtained from Defendant be suppressed.

 

                                                         _____
                                                         Honorable Chief Judge Sue L. Robinson
                                                         United States District Court