

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  
*1007 N. Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

July 27, 2006

The Honorable Sue L. Robinson
Chief U.S. District Judge
U.S. District Court
844 King Street
Wilmington, DE 19801

        Re:    **United States v. Wyman Earl Guy, Jr.**
                  **Criminal Action No. 05-26-SLR**

Dear Judge Robinson:

      Penny Marshall, counsel for the defendant, has informed me that the defendant accepts the Government's plea offer. Therefore, the parties respectfully request that the Court schedule a change of plea hearing. A copy of the proposed Memorandum of Plea Agreement is attached.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                BY:        /s/
                         Beth Moskow-Schnoll
                         Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,       : | |
|                            Plaintiff       : | |
|                     v.                      : | Criminal Action No. 05-26-SLR |
| WYMAN EARL GUY, JR.,             : | |
| a/k/a TINK,                              : | |
|                            Defendant.   : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Wyman Earl Guy, Jr., by and through his attorney, Penny Marshall, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant, Wyman Earl Guy, Jr., agrees to plead guilty to Count One of the Indictment charging him with selling counterfeit Federal Reserve notes in violation of Title 18, United States Code, Section 473, which carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2.  The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) that the defendant sold a counterfeit obligation of the United States; (b) that he did so willfully and with the intent that the same be passed as true and genuine; and (c) that he knew at the time that the obligation was counterfeit.

3.   The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) on or about December 8, 2003, he sold $600 in counterfeit obligations of the United States; (b) he sold the counterfeit currency willfully and with the intent that the same be passed as true and genuine; and (c) he knew at the time that the currency was counterfeit.

4.   The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government likely will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5.   The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.   Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

7.   The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does

not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8.      It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____    BY: _____
Wyman Earl Guy, Jr.                    Beth Moskow-Schnoll
Defendant                              Assistant United States Attorney


_____
Penny Marshall
Attorney for Defendant

Dated:


AND NOW, this \_\_\_ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
HONORABLE SUE L. ROBINSON
Chief United States District Judge