PROB 12
(Rev 02/94)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Criminal Action No. 1:05CR00126-001 SLR |
| Wyman Guy, | ) ) ) |
| Defendant. | ) |

### Petition on Probation and Supervised Release

COMES NOW Angelica Lopez Probation Officer of the Court presenting an official report upon the conduct and attitude of Wyman Guy, who was placed on supervision by the Honorable Sue L Robinson, sitting in the court at Wilmington, Delaware on the 13th day of November 2006, who fixed the period of supervision at three years with four months to be served on home confinement to commence within thirty days from the date of judgement, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1) The defendant shall maintain employment at Canada Dry Distributing Company of Wilmington. If defendant should lose his job it will be considered a violation of supervised release; 2) The defendant shall provide the probation officer with access to any requested financial information; 3) The defendant shall participate in a drug aftercare treatment program at the direction of the probation officer, which may include testing; 4) The defendant shall obtain his GED Certificate while on probation;

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER**...that the petition signed on March 12, 2008 be amended to reflect additional allegations that have been attached for the Court's consideration.

**ORDER OF COURT**

So ordered this 31st day of March 2008.

_U.S. District Court Judge_

I declare under penalty of perjury the foregoing is true and correct.

_U.S. Probation Officer_

Executed on   March 27, 2008

Place   Wilmington, Delaware

RE: Wyman Guy
Dkt. 1:06CR00126-001 (SLR)

The defendant shall not commit another federal, state, or local crime.

**Evidence A:** On October 24, 2007, the defendant submitted a letter to the probation officer indicating he went to the Delaware Department of Motor Vehicle and wrote a check on a closed account. The defendant admitted his wrongdoing and apologized for his actions.

The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

**Evidence A:** On August 7, 2007, the defendant was sent a letter from the probation office instructing him to report to the office on Thursday, August 23, 2007 at 11:40 a.m. to submit a DNA sample. Mr. Guy failed to report as directed. The defendant submitted the sample on a later date.

**Standard Condition #2:** The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Evidence A:** Mr. Guy failed to report for scheduled office visits on June 5, 2007 and October 3, 2007, and March 19, 2008.

**Evidence B:** On February 26, 2008, the defendant was scheduled for a second administrative meeting. After the meeting, the defendant was scheduled for an appointment on February 29, 2008. Mr. Guy failed to report as directed. The probation officer left the defendant two messages on his cellular telephone and one with his grandmother. The defendant did not return any of the probation officer's calls.

**Evidence C:** Mr. Guy has not submitted a monthly supervision report for the months of December 2007, January 2008, or February 2008.

**Standard Condition #3:** The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.

**Evidence A:** On April 2, 2007, the defendant reported to Supervising U.S. Probation Officer Thomas Carey and U.S. Probation Officer Angelica Lopez that he had taken the general equivalency diploma practice test on March 14th and 15th 2007. The defendant reported he failed to submit verification because his scores had not be calculated. Mr. Guy was instructed by Supervising U.S. Probation Officer to report, in person, to the Marshallton Education Center to obtain a copy of his scores and he was further instructed to submit written verification to U.S. Probation Officer Angelica Lopez.

**Evidence B:** On April 12, 2007, the defendant reported as scheduled to meet with his probation officer. When confronted about failing to submit documentation regarding the general equivalency test the defendant reported the Marshallton Education Center had lost his paperwork. The defendant reported he would report directly to the main office following his appointment to collect the scores. On the same date, the defendant was instructed to sign a release of information form for the Marshallton Education Center as a result of his failure to comply with the probation officer's previous instructions. The probation officer was advised by a staff member at the Marshallton Education Center that the defendant was a walk-in, meaning they did not have him on the record for taking preparatory classes, and as previously noted the defendant rescheduled his appointment to take the test on two occasions. Mr. Guy later admitted that he was dishonest to Supervising U.S. Probation Officer Thomas Carey and U.S. Probation Officer Angelica Lopez on more than one occasion.

1

RE: Wyman Guy
Dkt. 1:06CR00126-001 (SLR)

**Standard Condition #5:** The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Standard Condition #6:** The defendant shall notify the probation officer at least ten days prior to any changes in residence or employment.

**Evidence A:** On March 22, 2007, the probation officer was advised by the defendant's former supervisor, Gary Smith, that the defendant was no longer employed by Canada Dry Distributing Company. The defendant's last date of employment was reported as March 5, 2007. Mr. Guy failed to notify the probation officer of this change.

**Evidence B:** On June 22, 2007, the defendant was observed working at The Gallery Salon & Barber Shop located in Wilmington, Delaware. Mr. Guy did not provide the required notice to the probation officer. On June 26, 2007, the defendant admitted that he was working as a barber at The Gallery Salon & Barber Shop despite the probation officers instructions not to work as a barber.

**Evidence C:** On February 26, 2008, during a second administrative meeting, the defendant admitted to working as a barber at an establishment that he was directed not to frequent.

**Special Condition #3:** The defendant shall participate in a drug aftercare treatment program at the direction of the probation officer, which may include testing.

**Evidence A:** The defendant failed to report to SODAT Counseling on the following dates:

| Date | Type of Appointment |
| --- | --- |
| March 2, 2007 | Random urine drug screen |
| March 20, 2007 | Group counseling session |
| May 15, 2007 | Group counseling session |
| September 11, 2007 | Random urine drug screen |
| October 26, 2007 | Random urine drug screen |
| December 17, 2007 | Random urine drug screen |
| January 23, 2008 | Individual counseling session |
| February 27, 2008 | Random urine drug screen |
| March 17, 2008 | Individual counseling session |

**Special Condition #4:** The defendant shall obtain his G.E.D. Certificate while on probation.

**Evidence:** On February 26, 2008, Mr. Guy has admitted that he is not actively enrolled or participating in a G.E.D program.

**Special Condition #6:** The defendant shall cooperate with New Castle County Family Court officials, in the collection of past due child support obligations.

**Evidence:** On March 7, 2008, the Division of Child Support Enforcement reported the defendant's last payment was received on May 24, 2007 in the amount of $357. Mr. Guy's outstanding balance is $28,196.89.